IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

CAROL NICHOLS and
LORAN NICHOLS                                      PLAINTIFFS

FILED JAN 16 2019

VERSUS                    FORREST COUNTY CIRCUIT CLERK CAUSE NO. H19-0007

CELADON TRUCKING SERVICES, INC.
and COCA-COLA BOTTLING
COMPANY UNITED, INC.                               DEFENDANTS

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW Plaintiffs, Carol Nichols and Loran Nichols, by and through their attorneys of record, Wetzel Law Firm, and files herewith their Complaint against the Defendants, Celadon Trucking Services, Inc. and Coca-Cola Bottling Company United, Inc., and in support of said claim for relief would show unto this Honorable Court the following facts, to-wit:

I.

That the Plaintiffs are adult resident citizens of Harrison County, Mississippi.

II.

That the Defendant, Celadon Trucking Services, Inc., upon information and belief is a foreign corporation not authorized to do business in the State of Mississippi and is currently in good standing with the Indiana Secretary of State's Office and may be served with process through the Indiana Secretary of State, Connie Lawson, at 302 West Washington Street, Room E-018, Indianapolis, Indiana 46204.

III.

That the Defendant, Coca-Cola Bottling Company United, Inc., upon information and

EXHIBIT A

belief is a foreign corporation authorized to do business in the State of Mississippi and is currently in good standing with the Secretary of State's Office and may be served with process through its Registered Agent, C. T. Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

IV.

## COUNT ONE

### (EMPLOYER VICARIOUS LIABILITY)

By reference, each of the preceding paragraphs are adopted and made a part of Count One as fully as though manually copied herein.

V.

Plaintiffs would show that on or December 13, 2016 at approximately 1:21 p.m., Plaintiff, Carol Nichols, was traveling southbound on I-59 in Hattiesburg, Mississippi. Plaintiffs would show that Cody Flowers was driving a semi-truck owned by Defendant, Coca-Cola Bottling Company United, Inc., who was also traveling southbound on I-59. Plaintiffs would show that Treyveon D. Powell was also driving a semi-truck owned by Defendant, Celadon Trucking Services, Inc., who was also traveling southbound on I-59. Plaintiff, Carol Nichols, would show that she was stopped for traffic when suddenly and without warning, Defendant, Coca-Cola Bottling Company, United, Inc.'s, driver, Cody Flowers, came over the Bouie River Bridge and saw that traffic was stopped in front of him and was unable to stop his vehicle in time and jack knifed his semi-truck, striking the Plaintiff, Carol Nichols', vehicle. Plaintiffs would further show that after this incident Treyveon D. Powell also came over the Bouie River Bridge and saw that the Defendant, Coca-Cola Bottling Company United, Inc.'s, semi-truck was jack

2

knifed in the middle of the road and was unable to stop, striking the back of Defendant, Coca-Cola Bottling Company United, Inc.'s, semi-truck and pushing him into the Plaintiff, Carol Nichols', vehicle for a second time.

VI.

Plaintiffs would show that it was the duty of said Defendant, Celadon Trucking Services, Inc.'s, driver to obey all traffic laws and rules of the road, to keep and maintain a reasonable lookout for other vehicles upon said road and to drive in a reasonably safe manner under the circumstances then and there existing.

VII.

Plaintiffs would aver that the Defendant, Celadon Trucking Services, Inc.'s, driver had exclusive care and management of said vehicles at the time he caused this accident and it was the duty of the Defendant, Celadon Trucking Services, Inc.'s, driver to use due care and to operate his vehicle in a careful and prudent manner so as not to cause Plaintiff, Carol Nichols', injuries. In the ordinary course of events, a vehicle being driven in a careful and prudent manner would not hit another vehicle in such reckless manner as to cause a collision to occur. That had the Defendant, Celadon Trucking Services, Inc.'s, driver been exercising due care, management and control of his vehicle, this accident would not have occurred and Plaintiff, Carol Nichols, would not have been injured.

VIII.

That said Defendant, Celadon Trucking Services, Inc., by and through its driver, Treyveon D. Powell, at the aforesaid time and place, is guilty of these additional acts of negligence, proximately causing or proximately contributing to causing the said collision, all

which the Plaintiffs now sues, to-wit:

a. Negligently and recklessly failing to keep his vehicle under proper management and control;

b. Negligently failing to keep a proper lookout for other vehicles;

c. Negligently failing to make the proper use of instrumentalities in his control so as to avoid an accident of this nature from taking place;

d. Negligently and recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid striking another vehicle on said road, including the vehicle which the Plaintiff was in;

e. Negligently failing to drive Defendant's vehicle as a prudent and reasonable person would in order to prevent an accident such as this from occurring; and

f. Other aspects to be shown at trial.

IX.

That the injuries sustained by the Plaintiff, Carol Nichols, as a result thereof were caused solely by the aforesaid acts and omissions by the Defendant, Celadon Trucking Services, Inc.'s, driver and as such constitutes negligence on their part.

X.

As a direct and proximate result of the negligence of Defendant, Celadon Trucking Services, Inc.'s, driver herein, the Plaintiff, Carol Nichols, has sustained and suffered from the following:

a. Severe personal injuries to her body including, but not limited to, her head, brain, neck and back, which has rendered her temporarily and totally disabled;

b. Physical pain, nervous shock and mental anguish in that she now and in the future

and has since the date of the accident suffered excruciating pain in her head, brain, neck and back;

c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and she did make and incur certain expenditures and obligations for medical and hospital care and attention;

d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for her in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get her natural sleep and rest since sustaining said injuries;

f. Loss of enjoyment of life;

g. Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs;

h. Such severe personal injuries have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be permanently disabled and weakened; and

i. Further, that as a result of this accident, Plaintiff has incurred many out-of-pocket expenses for which he otherwise would not have incurred.

Plaintiffs would show that all of the above was a direct and proximate result of the negligent acts of the Defendant, Celadon Trucking Services, Inc.

XI.

## COUNT TWO

## (EMPLOYER VICARIOUS LIABILITY)

By reference, each of the preceding paragraphs are adopted and made a part of Count One and Two as fully as though manually copied herein.

### XII.

Plaintiffs would show that on or December 13, 2016 at approximately 1:21 p.m., Plaintiff, Carol Nichols, was traveling southbound on I-59 in Hattiesburg, Mississippi. Plaintiffs would show that Cody Flowers was driving a semi-truck owned by Defendant, Coca-Cola Bottling Company United, Inc., who was also traveling southbound on I-59. Plaintiffs would show that Treyveon D. Powell was also driving a semi-truck owned by Defendant, Celadon Trucking Services, Inc., who was also traveling southbound on I-59. Plaintiff, Carol Nichols, would show that she was stopped for traffic when suddenly and without warning, Defendant, Coca-Cola Bottling Company, United, Inc.'s, driver, Cody Flowers, came over the Bouie River Bridge and saw that traffic was stopped in front of him and was unable to stop his vehicle in time and jack knifed his semi-truck, striking the Plaintiff, Carol Nichols', vehicle. Plaintiffs would further show that after this incident Treyveon D. Powell also came over the Bouie River Bridge and saw that the Defendant, Coca-Cola Bottling Company United, Inc.'s, semi-truck was jack knifed in the middle of the road and was unable to stop, striking the back of Defendant, Coca-Cola Bottling Company United, Inc.'s, semi-truck and pushing him into the Plaintiff, Carol Nichols', vehicle for a second time.

### XIII.

Plaintiffs would show that it was the duty of said Defendant, Coca-Cola Bottling Company United, Inc.'s, driver to obey all traffic laws and rules of the road, to keep and maintain

a reasonable lookout for other vehicles upon said road and to drive in a reasonably safe manner under the circumstances then and there existing.

XIV.

Plaintiffs would aver that the Defendant, Coca-Cola Bottling Company United, Inc.'s, driver had exclusive care and management of said vehicle at the time he caused this accident and it was the duty of the Defendant, Coca-Cola Bottling Company United, Inc.'s, driver to use due care and to operate his vehicle in a careful and prudent manner so as not to cause Plaintiff, Carol Nichols', injuries. In the ordinary course of events, a vehicle being driven in a careful and prudent manner would not hit another vehicle in such reckless manner as to cause a collision to occur. That had the Defendant, Coca-Cola Bottling Company United, Inc.'s, driver been exercising due care, management and control of his vehicle, this accident would not have occurred and Plaintiff, Carol Nichols, would not have been injured.

XV.

That said Defendant, by and through its driver, Cody Flowers, at the aforesaid time and place, is guilty of these additional acts of negligence, proximately causing or proximately contributing to causing the said collision, all which the Plaintiffs now sues, to-wit:

a. Negligently and recklessly failing to keep his vehicle under proper management and control;

b. Negligently failing to keep a proper lookout for other vehicles;

c. Negligently failing to make the proper use of instrumentalities in his control so as to avoid an accident of this nature from taking place;

d. Negligently and recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid striking another vehicle on said road, including the vehicle which the

Plaintiff was in;

e. Negligently failing to drive Defendant's vehicle as a prudent and reasonable person would in order to prevent an accident such as this from occurring; and

f. Other aspects to be shown at trial.

## XVI.

That the injuries sustained by the Plaintiff, Carol Nichols, as a result thereof were caused solely by the aforesaid acts and omissions by the Defendant, Coca-Cola Bottling Company United, Inc.'s, driver and as such constitutes negligence on their part.

## XVII.

As a direct and proximate result of the negligence of Defendant, Coca-Cola Bottling Company United, Inc.'s, driver herein, the Plaintiff, Carol Nichols, has sustained and suffered from the following:

a. Severe personal injuries to her body including, but not limited to, her head, brain, neck and back, which have rendered her temporarily and totally disabled;

b. Physical pain, nervous shock and mental anguish in that she now and in the future and has since the date of the accident suffered excruciating pain in her head, brain, neck and back;

c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and she did make and incur certain expenditures and obligations for medical and hospital care and attention;

d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for her in the future to expend further sums for medical care and attention;

8

the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get her natural sleep and rest since sustaining said injuries;

f. Loss of enjoyment of life;

g. Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs;

h. Such severe personal injuries have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be permanently disabled and weakened; and

i. Further, that as a result of this accident, Plaintiff has incurred many out-of-pocket expenses for which she otherwise would not have incurred.

Plaintiffs would show that all of the above was a direct and proximate result of the negligent acts of the Defendant, Coca-Cola Bottling Company United, Inc.'s, driver.

XVIII.

Further, Plaintiff, Loran Nichols, is entitled to damages as a result of his loss of consortium with his wife, Carol Nichols, and that he has lost the love, comfort, society and affection normally enjoyed had it not been for the damages and injuries suffered by his wife.

Plaintiff, Loran Nichols, would, therefore, aver that as a direct and proximate result of the negligence of Defendants, he is entitled to compensatory damages.

XIX.

(PUNITIVE DAMAGES)

Under Miss. Code Ann. 11-1-65, because of the gross negligence of the Defendants

herein, which among other things constitutes an independent tort, Plaintiffs are entitled to recover punitive or exemplary damages against said Defendants to deter them from such oppressive conduct, gross negligence, wanton, reckless disregard for the safety of others in the future, in an amount to be determined by a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby sue and demand judgment of and from the Defendants, both jointly and severally, in an amount to be determined by a jury, together with pre- and post-judgment interest and costs and punitive damages.

RESPECTFULLY SUBMITTED, this the 15th day of Jan., 2019.

CAROL NICHOLS and LORAN NICHOLS, Plaintiffs

By: _____
JAMES K. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFFS